NOT FOR PUBLICATION                                [Docket No. 28]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| PATRICIA SMALLS,<br><br>    Plaintiff,<br><br>    v.<br><br>RIVIERA TOWERS CORPORATION,<br>et al.,<br><br>    Defendants. | Civil No. 16-847 (RMB/KMW)<br><br>**MEMORANDUM OPINION AND ORDER** |

This matter comes before the Court upon the Motion to Recuse by pro se Plaintiff Patricia Smalls [Docket No. 28], seeking the recusal of this Court pursuant to 28 U.S.C. § 455 and Marshall v. Jerrico, Inc., 446 U.S. 238, 238 (1980).[1]  For the reasons set forth below, the motion is DENIED.

Under 28 U.S.C. § 455,

(a) Any justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned.

(b) [She] shall also disqualify [herself] in the following circumstances:

(1) Where [she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

---

[1] The Court notes that the Supreme Court's decision in Marshall does not relate to the recusal or disqualification of judges.  Accordingly, the Court only addresses Plaintiff's motion under 28 U.S.C. § 455.

1

Beliefs or opinions that merit recusal must generally involve an extrajudicial factor rather than "facts which the judge has learned from [her] participation in the case." United States v. Rosenberg, 806 F.2d 1169, 1173 (3d Cir. 1986); accord United States v. Antar, 53 F.3d 568, 573 (3d Cir. 1995), overruled on other grounds by Smith v. Berg, 247 F.3d 532, 538 (3d Cir. 2001) (citing Liteky v. United States, 510 U.S. 540, 555 (1994)). If the alleged bias stems from facts obtained during judicial proceedings, however, the Third Circuit has instructed that the alleged bias "must be particularly strong in order to merit recusal." Antar, 53 F.3d at 574. In other words,

> [t]he court must reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. Under § 455(a), if a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge must recuse.

In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 148 F.3d 283, 343 (3d Cir. 1998) (internal citations and quotations omitted). Section 455(a) requires judicial recusal "if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge" of her interest or bias in a case. Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 (1988); accord In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004). In

making this determination, the court must consider how the facts would appear to a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." United States v. Jordan, 49 F.3d 152, 156 (5th Cir. 1995); accord Clemens v. U.S. Dist. Court for Cent. Dist. of California, 428 F.3d 1175, 1178 (9th Cir. 2005); Matter of Mason, 916 F.2d 384, 386 (7th Cir. 1990).

"[B]eliefs or opinions which merit recusal must involve an extrajudicial factor," Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004) (internal quotations and citation omitted), and the Supreme Court has made it clear that "judicial rulings alone almost never constitute a valid basis" for recusal. Liteky, 510 U.S. at 555. Judicial decisions "can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal." United States v. Wecht, 484 F.3d 194, 218 (3d Cir. 2007) (quoting Liteky, 510 U.S. at 555). Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555.

Finally, it should be noted that, where issues of recusal arise, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." Laird v. Tatum, 409 U.S. 824, 837 (1972); see also Clemens, 428 F.3d at 1179; Sensley v. Albritton, 385 F.3d 591, 598-99 (5th Cir. 2004); Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995).

Plaintiff claims that this Court must recuse itself because it has "unjustifiably refused to provide due process and equal protection to me before the court and has behaved in a manner inconsistent with that which is needed for full, fair, impartial hearings in front of a JURY TRIAL." Pl. Br. at 1-2 [Docket No. 28] (emphasis in original). Plaintiff also attaches an affidavit from herself which purports to "detail[] unethical and illegal conduct which gives Petitioner good reason to believe the above Judge's mind is closed to justice; that the judge has a personal bias or prejudice against the Plaintiff which is of such a nature, and of such intensity, that it would render the judge unable to give me, the Plaintiff, the fair trial to which every litigant is entitled." Id. at 2.

In the attached "AFFIDAVIT OF BIAS AND PREJUDICE", Plaintiff argues that recusal is necessary because "[a]fter delaying my case for 6 months while I am homeless, Judge Bumb restores my case to calendar admitting to violating my rights."

4

Pl. Aff. at 3 [Docket No. 28]. Plaintiff demands this Court's recusal, claiming that she "cannot have a fair jury trial as guaranteed by U.S. Constitution if Judge Bumb who after 6 months provided absolutely no proof that I have been legally evicted does not retract her statements in DKT 2 and recuse herself from my case." Id. at 4. Plaintiff additionally claims that she has been repeatedly discriminated against by various judges because she is "black and a woman." Id. Plaintiff continues:

> In violation of 4th Amendment of U.S. Constitution, Judge Bumb as well as the over 20 judges and law enforcement who have known about this injustice not only did nothing to help me get back my stolen co-op with contents but conspired against my rights to cover-up the indictable hate crimes committed against me and deprive me of my stolen co-op, stolen belongings and constitutional rights. . . . Judge Bumb is trying to legalize an illegal eviction to allow criminals [to] keep my stolen beloved co-op/home that I still own with a mortgage, hinder prosecution of these criminals and prevent me from having a fair jury trial. The Court should know that I am rightful owner of stolen co-op.

Id. at 9-10.

Plaintiff's allegations of bias or prejudice in her motion to recuse have no merit. Upon the filing of Plaintiff's complaint, the Court issued an Order to Show Cause why her claims should not be dismissed on the grounds of res judicata, collateral estoppel, and immunity, noting that Plaintiff is apparently attempting to re-litigate claims already adjudicated

5

in this District [Docket No. 2].² After reviewing two submissions by Plaintiff in response to the Order to Show Cause [Docket Nos. 3, 4], the Court determined that dismissal at this stage was not appropriate and ordered the Clerk of the Court to issue summons so that Plaintiff could effectuate service on the Defendants [Docket No. 5].

Here, the record does not support a finding of an extrajudicial factor causing impartiality or any degree of favoritism or antagonism on the part of this Court, so as to make fair judgment in this proceeding unlikely, let alone impossible. Indeed, the Court permitted Plaintiff's case to proceed in spite of its view that "this litigation appears 'patently frivolous,'" and provided Plaintiff with guidance as to the requirements of Federal Rule of Civil Procedure 11 [Docket No. 5]. Subsequently, several Defendants have filed motions to dismiss Plaintiff's complaint [Docket Nos. 24, 25, 27, 29, 34, 35, 36, 39, 40], which will be addressed in due course by the Court. The Court is unaware of any reason why it would not or could not treat Plaintiff or any of the parties to

---

² "[A] federal court may sua sponte dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion.'" Itiowe v. Trentonian, 620 F. App'x 65, 67 (3d Cir. 2015) (quoting Hagans v. Lavine, 415 U.S. 528, 536–37 (1974)).

6

this action in a fair and impartial manner.  Similarly, the Court is not aware of any conflict of interest.  Finally, as previously stated, Plaintiff's allegations of bias or prejudice are entirely baseless.  For these reasons, Plaintiff's Motion to Recuse will be denied.

ACCORDINGLY, IT IS HEREBY on this **6th** day of **January 2017**,

**ORDERED** that Plaintiff's Motion to Recuse [Docket No. 28] is **DENIED**.

                                                s/Renée Marie Bumb
                                                RENÉE MARIE BUMB
                                                UNITED STATES DISTRICT JUDGE