**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| PATRICIA SMALLS,<br><br>Plaintiff,<br><br>v.<br><br>RIVIERA TOWERS CORP., et al.,<br><br>Defendants. | Civil No. 16-847 (RMB/KMW)<br><br>**OPINION** |

THIS MATTER comes before the Court upon several motions: (1) the Motion of Defendants' PHH Mortgage Corporation ("PHH"), Federal National Mortgage Association ("FNMA"), and American Express Bank FSB ("Amex") (collectively the "Loan Defendants"), to Dismiss the Complaint [Docket No. 24]; (2) the Motion of Defendants Coldwell Banker Real Estate Services, LLC d/b/a, Coldwell Banker Residential Mortgage, and Lourdes Mercado to Dismiss the Complaint [Docket No. 25]; (3) the Motion of Defendants Robert J. Buckalew, Esq. and Buckalew Frizzell Crevina LLP(collectively, the "Buckalew Defendants") to Dismiss the Complaint [Docket No. 27]; (4) the Motion by Defendant Judge Carlo Abad to Dismiss the Complaint [Docket No. 29]; (5) the Motion by Defendant Fein, Such, Kahn & Shephard, P.C. ("Fein, Such") to Dismiss the Complaint [Docket No. 34]; (6) the Motion by Defendants Riviera Towers Corporation ("Riviera Towers") and

Kenneth Blane (collectively the "Riviera Defendants") to Dismiss the Complaint [Docket No. 35]; (7) the Motion by Defendant Senator Robert Menendez to Dismiss the Complaint [Docket No. 36]; (8) the Motion by Defendant Amariles Diaz to Dismiss the Complaint [Docket No. 39]; (9) the Motion by Defendant West New York Police to Dismiss the Complaint [Docket No. 40]; (10) the Motion by Defendants The Honorable Stanley Chesler and The Honorable Theodore McKee (the "Federal Judges") to Dismiss the Complaint [Docket No. 78]; (11) the Motion by Defendants The Honorable Glenn A. Grant, Governor Chris Christie, and Hudson County Prosecutor's Office to Dismiss the Complaint [Docket No. 83]. Several of the foregoing Defendants also move for Imposition of a Pre-Filing Injunction [Docket Nos. 24, 35, 78]. Defendant Michael Signorile also moves to Vacate Default [Docket No. 76] (All defendants are collectively referred to as the "Defendants"). Finally, Plaintiff Patricia Smalls also moves for a Change of Venue [Docket No. 52].

For the reasons set forth below, Defendant Signorile's Motion to Vacate Default [Docket No. 76] is GRANTED; all Defendants' Motions to Dismiss are GRANTED, and Plaintiff's Motion for Change of Venue [Docket No. 52] is DISMISSED as moot. Plaintiff shall also show cause why she should not be barred from filing additional pleadings relating to the subject matter

2

of this lawsuit, as well as three prior federal lawsuits, that is, the eviction from her West New York, New Jersey, apartment.

BACKGROUND

This is not Plaintiff Patricia Smalls' first complaint involving claims by her that she was wrongfully evicted from her apartment in Riviera Towers, a co-op located in West New York, New Jersey.

In or around 2011, Defendant Riviera Towers filed suit against Plaintiff, in a case captioned <u>Riviera Towers Corp. v. Patricia Smalls</u>, Docket No. HUD-L-438-11, based on allegations that Smalls failed to pay certain maintenance charges associated with her apartment. See Docket Sheet in Docket No. HUD-L-438-11 (Tomlin Cert. Ex. D).[1] Riviera Towers did not join PHH or otherwise give PHH notice of the lawsuit. Riviera Towers obtained a default judgment against Smalls on December 7, 2011. <u>See</u> December 7, 2011, Order in Docket No. HUD-L-438-11 (Tomlin Cert. Ex. E). Among other things, Smalls was found liable to Riviera Towers in the amount of $10,056.15,[2] and Smalls' interest in the apartment, including any ownership in

---

[1] The Court considers the docket sheets and filings in prior lawsuits involving Smalls as they are matters of public record. See <u>Sands v. McCormick</u>, 502 F.3d 263, 268 (3d Cir. 2007). The "Tomlin Cert." refers to Docket No. 24-2, attached to the Loan Defendants' Motion to Dismiss.

[2] This figure subsequently was reduced to $8,133.50. <u>See</u> June 12, 2012, Order (Tomlin Cert. Exs. E and F).

the co-op, was terminated.  Id.  Riviera Towers was awarded possession of the unit and authorized to sell it to pay off the outstanding maintenance charges.  Id.  Smalls then was evicted, and the unit was sold in April 2014.  See Complaint at p. 6 [Docket No. 1], Tomlin Dec. Ex. L.  See also Schedule of Disbursement of Sale Proceeds (Tomlin Dec. Ex. G).[3]

Plaintiff thereafter filed an action in this District, Civil Action No. 12-6312, against Defendant Riviera Towers and Blane, as well as ten other defendants who are not named here (the "First Federal Action").  In an Opinion and Order entered August 9, 2013, The Honorable Stanley R. Chesler, now a defendant herein, set forth the facts as follows:

> Plaintiff, a former shareholder and tenant of Riviera Towers, a 427-unit co-op located in West New York, New Jersey, has brought suit against a total of 12 defendants for their roles in evicting her on August 1, 2012.  Plaintiff, who is an African-American woman, had been a shareholder/owner of Riviera Towers since September 1998.  In 2010, Plaintiff apparently fell behind on some portion of her monthly maintenance costs.  In or about January 2011, the RTC Board brought suit in New Jersey Superior Court to recover the past-due maintenance fees.  Plaintiff alleges that the Riviera Towers Corporation . . . failed to provide her with monthly maintenance statements from December 2009 to November 2011.  Plaintiff failed to timely answer the complaint and was marked in default, though Plaintiff asserts that she was never properly served.  Plaintiff appeared before the Superior Court to object

---

[3] Riviera Towers' sale of the unit netted surplus sale proceeds, which were deposited into the New Jersey Superior Court Trust Fund and subsequently obtained by PHH pursuant to a court order dated September 2, 2016.  See September 2, 2016, Order in Docket No. HUD-L-438-11 (Tomlin Dec. Ex. H).

4

> to an entry of default judgment, and the Court entered
> a judgment of $8,133.50 in favor of RTC. On July 23,
> 2012, RTC advised Plaintiff that she would be evicted
> on August 1, 2012, if she did not satisfy the
> judgment. Plaintiff failed to pay, and RTC followed
> through on its eviction warning by changing the locks
> on the apartment and barring Plaintiff from entering
> the building. Plaintiff alleges that she was singled
> out because of her race and gender, and that the RTC
> Board did not evict its other shareholders who were
> behind in their maintenance payments.
>
> Plaintiff asserts the following causes of action:
> (1) violation of 18 U.S.C. § 241 ("Conspiracy Against
> Rights"); (2) violation of 18 U.S.C. § 242 ("
> Deprivation of Rights"); (3) violation of 42 U.S.C. §
> 3601 ("Fair Housing Act and Criminal Interference with
> Right to Fair Housing"); (4) violation of 15 U.S.C. §
> 689 ("Unlawful Acts and Omissions"); (5) violation of
> 18 U.S.C. § 876 ("Mailing Threatening
> Communications"); (6) breach of fiduciary duty; (7)
> breach of the duty of loyalty; (8) lack of good faith;
> (9) breach of the duty of care; (10) unequal
> treatment of shareholders; (11) intentional infliction
> of emotional distress; (12) race discrimination; (13)
> sex discrimination; and (14) age discrimination.

See Smalls v. Riviera Towers Corp. et al., Civil Action No. 12-6312 (SRC), Docket No. 50, at 1-2.

Upon the Defendants' motion, Judge Chesler dismissed the First Federal Action without prejudice. Plaintiff filed a motion for reconsideration as well as a motion for recusal, and Judge Chesler denied both motions. Upon failing to amend her complaint within the time provided for by the Court, Judge Chesler dismissed the complaint with prejudice on January 16, 2014. See id. [Docket Nos. 63, 68].

5

Thereafter, Plaintiff filed another action in this District against Defendants Buckalew, Frizzell, PHH, Fein Such, and several other defendants not named herein.  See Smalls v. Buckalew Frizzell Crevina, et al., Civil Action No. 13-4637 (the "Second Federal Action").  As Judge Chesler observed, this action dealt with the alleged participation of the defendants in the eviction of Plaintiff from her West New York, apartment.  On June 25, 2014, Judge Chesler dismissed the complaint without prejudice and Plaintiff never sought leave of court to file an amended complaint.  See Civil Action No. 13-4637 [Docket No. 47].

At the same time the Second Federal Action was pending, Plaintiff filed a third federal action, Civil Action No. 13-4698, against defendants who were involved in the state court eviction proceeding.  See Smalls v. Sarkisian et al., Civil Action No. 13-4698 (the "Third Federal Action").  Eight of these defendants, the Honorable Hector R. Velazquez, P.J.Ch., the Honorable Mitchel E. Ostrer, J.A.D., the Honorable Marie P. Simonelli, J.A.D., Chief Justice Stuart Rabner, John Tonelli, the Executive Director of New Jersey's Advisory Committee on Judicial Conduct, and Lieutenant Robert McGrath of New Jersey's Division of Criminal Justice were dismissed by Judge Chesler in an Opinion and Order entered December 13, 2013.  In a subsequent Opinion and Order entered June 2, 2014, Judge Chesler dismissed

6

the remaining defendants, former Assistant United States Attorney Susan Handler-Menahem, Felix Roque, the Mayor of West New York, and West New York police captain Michael Zitt.

Turning to the within action, the fourth federal action filed by Plaintiff, the Court agrees with the moving Defendants' general characterization that the allegations here are the same as those in the First Federal Action. Although Plaintiff's Complaint is rambling and disjointed, the key allegations can be summarized as follows:

- Riviera Towers filed an action against Plaintiff in 2011, in New Jersey state court, seeking unpaid maintenance fees;

- Riviera Towers obtained a judgment against Plaintiff in the amount of $8,133.50, which Plaintiff failed to pay, resulting in her eviction from Riviera Towers; and

- Plaintiff asserts that the state court action was unauthorized or illegal, that Riviera's actions were motivated by racism, and that her eviction from her co-op constitutes theft.

- Plaintiff asserts that each named Defendant engaged in conspiratorial acts related to the "illegal" eviction.

As for the specific claims against Defendants Riviera Towers and Blane, the Court finds that they are barred under the doctrine of res judicata. Res judicata bars a claim where the following elements are satisfied: (i) a final judgment on the merits in a prior suit; (ii) the prior suit involved the same parties or their privies and (iii) the subsequent suit is based

7

on the same cause of action.  United States v. Athlone Indus., Inc., 746 F.2d 977, 983 (3d Cir. 1984)(citations omitted).  All three elements of res judicata are present here.  First, there was a final judgment in the earlier suit, because the Court dismissed the First Federal Action with prejudice on January 16, 2014.  Second, the earlier action involved the same parties because Riviera Towers and Blane were specifically named as defendants.  Third, the two cases clearly involve the same cause of action. In both cases, Plaintiff alleges that the defendants wrongfully sued her in state court for delinquent maintenance fees, obtained a judgment against her in the amount of $8,133.50 which she failed to pay, evicted her, that the eviction was tantamount to theft, and that the defendants were motivated by racism against her.  In sum, the "acts complained of" and the "material fact alleged in each suit" are the same, and "the witnesses and documentation required to prove [the] allegations [are] the same."  Id. at 984.  Thus, the two cases involve the same cause of action, and the claims against Riviera Towers Corporation and Mr. Blane are dismissed with prejudice.  The same is true for Defendants PHH, AmEx, Buckalew Frizzell, Fein Such, who were dismissed on the same claims in the prior federal actions.

Even if Plaintiff's claims were not barred by res judicata, her claims fail to state viable causes of action against all

Defendants. Smalls cannot maintain any claims under 18 U.S.C. § 241 or 18 U.S.C. § 242 because they are criminal statutes which do not authorize private rights of action or give rise to civil liability. Smalls' claims for alleged constitutional violations fare no better. There is no direct cause of action under the United States Constitution. <u>See</u>, <u>e.g.</u>, <u>Love v. N.J. State Police</u>, 2016 U.S. Dist. LEXIS 69562, at *15 n. 10 (D.N.J. May 26, 2016). Rather, the vehicle for pursuing constitutional claims is 42 U.S.C. § 1983. <u>See</u> <u>Albright v. Oliver</u>, 510 U.S. 266, 271 (1994). While Smalls does not explicitly assert a claim under Section 1983, even construing her Complaint as attempting to do so, it fails to do so. There are two essential elements of a Section 1983 claim alleging deprivation of constitutional rights: (1) whether the conduct complained of was committed by a person acting under color of state law and (2) whether this conduct deprived the plaintiff of a constitutional right. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981). Additionally, because Smalls alleges a Fourteenth Amendment violation, she also must demonstrate state action. <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49-50 (1999).

Here, the private defendants are not state actors, and any actions or inactions taken by these defendants in respect to their rights under the applicable loan documents cannot be said to involve state action or action under the color of state law.

See Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)(noting that Section 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful")(quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948)); see also McCabe v. Mut. Aid Ambulance Serv., Inc., 2015 U.S. Dist. LEXIS 103766, at *15 (W.D.Pa. Aug. 7, 2015)("It is well recognized, that the Constitution protects citizens from infringement of their rights by the government, not by private parties.")(citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978)).[4]

Moreover, while Smalls vaguely claims that the various defendants engaged in a conspiracy, her allegations are conclusory and are not sufficient to state a civil rights conspiracy claim. See Mikhaeil v. Santos, 646 Fed. Appx. 158, 162 (3d Cir. 2016)(affirming dismissal of constitutional/Section 1983 claims where defendants were private actors and plaintiff failed to adequately allege conspiracy); accord Evans v. Gloucester Twp., 2016 U.S. Dist. LEXIS 84952, at *34 (D.N.J. June 29, 2016)(conclusory statement that defendants "acted in concert" insufficient to state a claim for conspiracy to deprive plaintiff of constitutional rights); Voth v. Hoffman, 2016 U.S.

---

[4] While FNMA is a government-sponsored enterprise and operates under the conservatorship of the Federal Housing Finance Agency, it is not considered to be a state actor for purposes of Section 1983 or constitutional claims. See, e.g., Kropek v. Sullivan, 35 F.Supp. 3d 880, 893 (E.D. Mich. 2014)(collecting cases); Dias v. Fannie Mae, 990 F. Supp. 2d 1042, 1062 (D. Hi. 2013)(same).

10

Dist. LEXIS 57289, at *31 (D.N.J. Apr. 28, 2016)(dismissing claim of conspiracy to violate civil rights because plaintiff failed to plead facts supporting the claim). In sum, Smalls has failed to set forth any plausible factual allegations which support the conclusion that these defendants are liable for any alleged violation of her constitutional rights.

Finally, her claims, putting aside all defects, are time-barred. Claims brought under Section 1983 are subject to the forum state's statute of limitations for personal injury claims. See Wallace v. Kato, 549 U.S. 384, 387 (2007); see also Cito v. Bridgewater Township Police Dep't., 892 F.2d 23, 25 (3d Cir. 1989). New Jersey imposes a two-year limitations period for claims alleging personal injury. N.J. Stat. Ann. § 2A:14-2. Here, Smalls complains about her eviction in 2012, yet she did not file this lawsuit until February 2016. Her claims, therefore, are untimely and are dismissed for this additional reason.

Moreover, as to the Defendants Senator Robert Menendez, Governor Chris Christie, Judge Theodore McKee[5], Judge Stanley

---

[5] Plaintiff accuses the Federal Defendants of violating her constitutional rights under the "4th, 5th, 7th and 14th Amendments," and of violating two federal criminal statutes, 18 U.S.C. § 241 and § 242. Compl. p. 9, 11. Plaintiff asserts claims against AUSA Blaine in response to a March 21, 2014 letter he wrote to Plaintiff in his capacity as Chief of the Office's Civil Division. Compl. p. 11; see also Dkt. Entry No. 1-2 at 44 (enclosing the letter). AUSA Blaine's letter

11

responded to Plaintiff's March 27, 2017 letter inquiring about the status of her prior civil rights complaint. Dkt. Entry No. 1-2 at 44. The letter reiterated that the U.S. Attorney's Office would not "take any action with respect to [Plaintiff's] complaint" and that there was no pending "investigation relating to [Plaintiff's] complaint." Id. Plaintiff asserts claims against AUSA Blaine because, she alleges, the letter was "very nasty" and because AUSA Blaine supposedly "knew [Plaintiff's] co-op was taken unlawfully" but, nevertheless, refused to help her. Compl. p. 11.

Plaintiff's claims against AUSA Campion focus on his representation of AUSA Handler-Menahem in the Third Federal Court Action. Plaintiff accuses AUSA Campion of "falsely stat[ing] that [Plaintiff] was evicted based on [a] NJ Superior Court Judgment that never existed." Id. Though Plaintiff does not identify in her Complaint the allegedly false statement upon which the claim is based, it appears to be based on the brief that AUSA Campion submitted in connection with his motion to dismiss the Third Federal Court Action. There, citing Plaintiff's own Complaint and a decision from this Court in the First Federal Court Action, AUSA Campion wrote that "the Board of the Riviera Towers Corporation sue[d] Plaintiff ... for her alleged failure to pay required monthly maintenance fees" and that, after judgment was entered against her, "Plaintiff was evicted due to her failure to satisfy the [state court] judgment." Simunovich Decl., Exhibit 14 at 1.

Plaintiff's claims against Judge Chesler stem from decisions he issued in connection with each of Plaintiff's prior federal lawsuits. Compl. p. 9. She states that Judge Chesler "committed fraud upon the court and changed [the] facts of the case to help [the] defendant[s]," deprived her of her "stolen home," and dismissed all of her cases "before any discovery … in violation of [her] rights to due process, jury trial or [to] be treated fairly." Id.

And, lastly, Plaintiff asserts a claim against Judge McKee based on a decision he wrote on behalf of the Judicial Council of the Third Circuit in response to Plaintiff's complaint of judicial misconduct. Id. Specifically, Plaintiff takes issue with the fact that Judge McKee referred to the judicial misconduct charge as "frivolous"; she also seems to take issue with a statement in the decision relating to Plaintiff's timeliness in paying maintenance charges. Id.

12

Chesler, Judge Amarilis A. Diaz, Judge Glenn A. Grant, former Assistant United States Attorneys Paul Blaine and Mitchell Campion, West New York Police Department, and Hudson County Prosecutor's Office, motions are all granted for the sound reasons set forth in their respective briefs.  In a nutshell, the claims are either barred under principles of well-established immunity or the claims are so conclusory that they fail to state any legally cognizable claims.

Finally, Defendant Signorile moves to vacate the default entered by the Clerk of the Court on February 3, 2017.  A decision to set aside the entry of default pursuant to Fed. R. Civ. P. 55(c) is left primarily to the discretion of the District Court.  Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951).  The Third Circuit announced that it "does not favor entry of defaults or default judgments." United States of America v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195-96 (3d Cir. 1984).  The Court went on to state "we

---

Although Plaintiff's allegations focus on conduct undertaken by these Defendants in their official capacities, it is possible that Plaintiff intends to assert individual liability claims against one or more of the Federal Defendants. Plaintiff appears to allege that these Defendants were personally involved in a conspiracy to violate her constitutional rights and, as a remedy, she seeks compensatory and punitive damages, and other forms of relief.  Id. at p. 13-14.  Moreover, the overall tenor of the Complaint suggests an intention to hold these Defendants personally responsible for their alleged actions.  These allegations fail because they fail to state any legally cognizable claim.

require doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on the merits.'" Id. at 195. See also, Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122(3d Cir.1983); Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d 653, 656 (3d Cir. 1982).

Federal Rule of Civil Procedure 55(c), states that for good cause shown, the Court may set aside the entry of default. Some factors to be considered for "good cause" to set aside the entry of default under Rule 55(c) or a default judgment under Rule 60(b)(1) are: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." United States of America, 728 F.2d at 195.

It appears that Plaintiff's sole allegation against Defendant Signorile is that he sent Plaintiff "a letter dated September 19, 2014 saying the WNYP [West New York Police] arrested [] me without a warrant is legal." See Complaint, pg. 11, 8(g)(h). This statement in no way supports Plaintiff's conclusory allegation the Defendant conspired against her to extort money from her or take her home.

Moreover, there is no evidence before the Court of culpable conduct by Defendant Signorile. The standard for "culpable conduct" is the "willfulness" or "bad faith" of a non-responding

defendant. See Hritz v. Woma Corporation, 732 F.2d 1178, 1183 (3d Cir. 1984. "Appropriate application of the culpable conduct standard requires that as a threshold matter, more than mere negligence be demonstrated." Id. at 1183. Accordingly, the Motion to Vacate the entry of default is GRANTED.[6]

Finally, several Defendants seek an order from this Court barring Plaintiff from filing additional pleadings arising from or related to her eviction from her West New York apartment. As set forth above, Smalls has attempted to litigate her grievances arising from her eviction in at least four federal lawsuits, as well as other various filings in state court and elsewhere. Indeed, Plaintiff states in her Complaint:

> I have written over 200 complaints, over 15 judges – 5 different courts, Governor Christie, Senator Menendez, Senator Booker, West New York May, NJ_DOJ, FBI-Newark, NJ Attorney General, Hudson Prosecutors Office, West New York Police *and others* who all took an oath to uphold the U.S. Constitution.

Complaint, at p. 7. [Docket No. 1, at 7]. She has also had "78 criminal complaints, [in Jersey City Municipal Court], against the defendants." Id. at 11.

---

[6] Defendant Signorile also seeks the opportunity to file a responsive pleading. The Court sees no reason to file a responsive pleading, presumably a Motion to Dismiss, which will address the sole conclusory allegation against the Defendant, that is, that he transmitted a letter from the Hudson County Prosecutor's Office saying that the West New York Police Department's warrantless arrest was legal. The Court cannot conceive any claim that would survive a motion to dismiss.

15

"Courts have uniformly sanctioned litigants who attempt to relitigate issues already decided against [them] . . . ." Dunleavy v. Gannon, 2012 U.S. Dist. LEXIS 9679, at *18 (D.N.J. Jan. 26, 2012)(citing Napier v. Thirty or More unidentified Fed. Agents, Employees or Officers, 855 F.2d 1080 (3d Cir. 1988); Balthazar v. Atlantic City Med. Ctr., 279 F. Supp. 2d 574, 594 (D.N.J. 2009)). Among other things, "District Courts may issue an injunction requiring a litigant who has repeatedly filed complaints alleging claims that have already been fully litigated to receive Court approval before filing further complaints." Id. at *19(citing Matter of Packer Ave., Assoc., 884 F.2d 745 (3d Cir. 1989)).

As a result, Plaintiff will be required to show cause within twenty days of this Order why her pattern of conduct, which has caused the expenditure of countless resources, judicial and otherwise, does not justify a tailored pre-filing injunction that provides as follows:

- Without prior leave of this Court, Plaintiff Patricia Smalls should be prohibited, when proceeding pro se, from filing any lawsuits against any of the Defendants or others not yet named relating to the loss of her apartment or personal belongings at Riviera Towers;

- Leave of Court will be freely granted upon Plaintiff showing through a properly filed petition that a specific proposed filing (i) can survive a challenge under Rule 12 of the Federal Rules of Civil Procedure and (ii) is not barred by principles of claim or issue preclusion;

- Plaintiff must attach a copy of the pre-filing injunction to any subsequent pro se lawsuit that relates to the loss of her apartment or personal belongings at Riviera Towers; and

- The injunction shall not apply to the filing of timely notices of appeal of any decision rendered by this Court in this action.

Accordingly, for the foregoing reasons, all pending Motions to Dismiss are granted. Plaintiff's Motion to Change Venue is dismissed as moot. An Order to Show Cause why a narrowly tailored pre-filing injunction shall issue. An accompanying Order will be filed with this Opinion.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

Dated: September 21, 2017