[Dkt. Nos. 96, 112, and 114]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| PATRICIA SMALLS, <br><br> Plaintiff, <br><br> v. <br><br> RIVIERA TOWERS CORP., et al. <br><br> Defendants. | Civil No. 16-847(RMB/KMW) <br><br> **AMENDED MEMORANDUM OPINION**[*] |

This matter comes before the Court on three motions: (1) Plaintiff Patricia Smalls' Motion to Reconsider under Rule 60 [Docket No. 96]; (2) Defendants First Service Residential's ("First Service") and Anthony Iacono's Motion to Dismiss [Docket No. 112]; and (3) Plaintiff's Motion to Strike [Docket No. 114]. For the reasons set forth herein, Plaintiff's Motion to Reconsider is DENIED; Defendants First Service Residential and Anthony Iacono's Motion to Dismiss will be converted to a Motion for Summary Judgment; and Plaintiff's Motion to Strike is dismissed as moot.

The case before this Court has been a protracted one involving

---

[*] This Opinion amends page 2, paragraph 2, column 2 of the Court's January 26, 2018 Memorandum Opinion [Dkt. No. 124] by replacing "See Docket No. 24-7 in Civil Action No. ????????June 13, 2012" with "See Docket No. 24-7 in Civil Action No. 16-847; see also id. at Docket No. 24-10 (action for default on loan)."

1

numerous claims, parties, and accusations. This Court has labored countless days and attempted to do its best in sorting through the years of litigation and the various cases that Plaintiff has brought. In that regard, a chart may be helpful to all concerned.

| Action | Cause(s) of Action | Disposition |
|---|---|---|
| 1.<br>Riviera Towers Corp. v. Smalls, HUD-L-438-11<br><br>Case filed in the Superior Court of New Jersey, Hudson County | Failure to pay monthly fees | • December 11, 2011, Final Judgment entered in favor of Riviera Towers against Smalls in amount of $10,056.15; terminating lease agreement and any right to Apartment #27H, 6040 Boulevard East, West New York, New Jersey (the "Property"). Immediate possession to Riviera Towers [See Docket No. 24-7 in Civil Action No. 16-847] June 13, 2012.<br><br>Final Judgment amended to $8,133.50 [Id., Docket No. 24-8]. |
| 2.<br>PHH Mortgage v. Smalls, HUD-L-1185-16<br><br>Case filed in the Superior Court of New Jersey, Hudson County | See Docket No. 24-7 in Civil Action No. 16-847; see also id. at Docket No. 24-10 (action for default on loan). | • Order entered granting PHH Mortgage to withdraw all funds, totaling $105,037.21 [PHH had obtained judgment against Smalls in the amount of $106,112.13 [See Docket No. 24-10 in Civil Action No. 16-847]. |

| | | |
|---|---|---|
| 3. [First Fed. Action]<br><br>Action No. 12-6312<br><u>Smalls v. Riviera Towers Corp.</u> ("TRC") filed October 5, 2012; Amended November 2, 2012.<br><u>Kenneth Blane</u> (RTC President);<br><u>John Negri</u> (RTC Board Member);<br><u>Richard Gillen</u> (RTC Board Member);<br><u>Signature Property Groups, Inc.</u>;<br><u>Robert Weible</u> (RTC Vice President);<br><u>Hermant Amin</u> (RTC Member);<br><u>Michael Moran</u> (RTC Board Member);<br><u>Wentworth Property Management</u>;<br><u>Ariena Narayanan</u> (RTC Board Member);<br><u>Jennifer Shashaty</u> (RTC Board Member);<br><u>Angela Alvarez</u> (RTC Board Member) | 18 U.S.C. § 241, 242<br>U.S.C. § 3601, 15 U.S.C. § 689; 18 U.S.C. § 876, "race, sex and age discrimination common law and contract claims arising out of the eviction of Plaintiff from and subsequent sale of her West New York apartment | • August 9, 2013 Hon. Stanley R. Chesler granted Motions to Dismiss by Wentworth Property Management and Signature Property Group without prejudice [Docket No. 50]. Smalls failed to file an amended Complaint by September 13, 2013. Therefore, a final judgment issued. See <u>Hoffman v. Nordic Naturals, Inc.</u>, 837 F.3d 272, 279 (3d Cir. 2016)("The District Court dismissed [the Complaint] without prejudice for failure to state a claim – a decision on the merits – and provided [Plaintiff] leave to amend . . . . By opting not to amend his Complaint . . . within the time . . . the District Court's dismissal [was converted] into a final order.")<br><br>• November 20, 2013, Judge Chesler granted remaining Defendants motion for judgment on the pleadings. Smalls failed to file amended complaint. Therefore, a final judgment issued. <u>Hoffman</u>, <u>supra</u>.<br><br>• On January 16, 2014, Judge Chesler dismissed entire case with prejudice. |

| | | |
|---|---|---|
| 4. [Second Fed. Action]<br><br>Action No. 13-4637<br>Smalls v. Buckalew Frizzell Crevina, LLP;<br>Fein Such Kahn & Shepard PC;<br>John Middleton, Jr., Esq.;<br>Daniel Ortiz, Signature Property Corp.;<br>American Movers, Inc.;<br>Lazara Carvajal, Esq.;<br>Barbara Karpowicz, Esq.;<br>Anthony Iacono, Wentworth Property Management Corp.;<br>American Express Bank, FSB;<br>Robert J. Buckalew, Esq.;<br>Nicholas Canova, Esq.;<br>PHH Mortgage Corp.;<br>David Frizzell, Esq. | 18 U.S.C. §§ 241, 242, 3601, 15 U.S.C. § 689, 18 U.S.C. § 876, 18 U.S.C. § 371, various state law claims; "fourth and Fourteenth Amendment Constitutional Rights Violations," "civil rights Violations", "Race and Sex Discrimination" arising out of the eviction of Plaintiff from and subsequent sale of her West New York apartment | • On November 19, 2013, Judge Chesler dismissed Complaint against Defendants Buckalew Frizzell & Crevina, LLP, Robert Buckalew, David Frizzell, Barbara Karpowicz and John Middleton, Jr. without prejudice, to Plaintiff's moving to seek leave of Court to file Amended Complaint which Plaintiff never sought.<br><br>• On June 25, 2014, Judge Chesler dismissed Complaint against Defendants American Express Bank, Fein, Such, Kahn & Shepard, Nicholas Canova, Esq., PHH Mortgage, Lazaro Carvajal, American Movers, Inc. and Daniel Ortiz without prejudice to Plaintiff's moving to seek leave of Court to file amended complaint which Plaintiff never sought.<br><br>• On October 8, 2014, Judge Chesler dismissed the case pursuant to Federal Rule of Civil Procedure 4(m). |
| 5. [Third Fed. Action]<br><br>Action No. 13-4698<br>Smalls v. Hon. Barry Sarkisian, Hon. Hector Velazquez, Hon. Peter | Same causes of action as earlier federal cases arising out of the eviction of Plaintiff from and | • On December 13, 2013, Judge Chesler dismissed the Complaint against seven state judges, John Tonelli, and Lt. Robert McGrath with prejudice |

4

| | | |
|---|---|---|
| Bariso, Jr., Hon. Mitchel Ostrer, Hon. Marie P. Simonelli, Hon. Stuart Rabner, Hon. John A. Tonelli, Jr., Michael Zitt, Captain West New York Police, Felix Rogue, Mayor of West New York, Susan Handler-Menahem, Robert E. McCrath, lt. N.J. Attorney General. | subsequent sale of her West New York apartment. | [Docket No. 18].<br><br>• On June 2, 2014, Judge Chesler dismissed the Complaint against all remaining Defendants with prejudice [Docket No. 345]. |
| 6. [Fourth Fed. Action]<br><br>Action No. 16-847 Smalls v. Riviera Towers Corp., Buckalew Frizzell Crevina LLP First Service Residential, American Express Bank FSB., PHH Mortgage Corp., Fannie Mae, Coldwell Banker, American Movers, Inc., West New York Police, Hudson County Prosecutor's Office, Hon. Chris Christie, Hon. Robert Menendez, Hon. Stanley Chesler, Hon. Theodore McKee, Hon. Glenn Grant, Carlo Abad, Amariliz A. Diaz, Paul Blaine, | Same causes of action as earlier federal cases arising out of the eviction of Plaintiff from and subsequent sale of her West New York apartment.<br><br>(Plaintiff also alleged § 1983 Violations for "certain protections guaranteed to her by the Fourth, Fifth, Seventh, Eighth, Ninth, and Fourteenth Amendments") | • By Opinion and Order dated 21, 2017, this Court dismissed claims against Riviera Towers and Blane, PHH, AmEX, Buckalew Frizzell, and Fein Such, under doctrine of res judicata, as well as failure to state a claim. Court dismissed those claims under principles of immunity and failure to state a claim.[1]<br><br>As to Defendants Senator Menendez, Governor Christie, Judges McKee, Chesler, Diaz, Grant, AUSA Blaine, and the Hudson County Prosecutor's Office, the Court dismissed those claims under principles of immunity and failure |

---

[1] Although the Court's Opinion states that Smalls "does not explicitly assert a claim under Section 1983," Docket No. 89-9, the Court, upon reconsideration, corrects the record that Plaintiff did, in fact, allege such claim. This claim nonetheless fails for the reasons set forth in the Court's Opinion. Similarly, such claims may not be barred under the applicable two-year statute of limitations, but nonetheless they fail for the alternate reasons set forth therein.

5

| | | |
|---|---|---|
| Michael E. Camprion, Michael Signorile, Kenneth Blaine, Robert Buckalew, Anthony Iacono, Lourdes Mercado | | to state a claim.<br><br>As to West New York, the claims were dismissed on several grounds, failure to state a claim, statute of limitations, and failure to state a claim. The Court vacated the default entered against Signorile and dismissed the claim against him for failure to state a claim. Although the court did not specifically address Defendants Coldwell Banker and Lourdes Mercado, the Court found that Plaintiff failed to state claims against them under 18 U.S.C. §§ 241 and 242. They are not state actors and the allegation that they "participated in the illegal sale" is conclusory.<br><br>Despite the lack of merit of any of Plaintiff's claims, the Court afforded Plaintiff an opportunity to seek leave of the Court within 20 days to amend her Complaint, and Plaintiff failed to do so. As a result, all claims on the merits were dismissed with prejudice. Hoffman, supra (all claims against Riviera Towers, Blane, PHH, AmEx, Buckalew Frizzell, and Fein Such were on non-merits grounds, see Hoffman, supra). |

Pending Motions

Plaintiff has filed a Motion to Reconsider under Rule 60.[2] Rule 60 provides that the Court may reconsider its earlier decision for:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

F.R.C.P. 60(h). The Court finds that Plaintiff's Motion is nothing more than a mere re-hashing of all of the arguments she has already made.[3] Rule 60(b) is not an appropriate vehicle to relitigate the Court's prior conclusions. The motion is therefore denied.

Turning to the Motion to Dismiss filed by First Service and

---

[2] Notably, Plaintiff did not timely file a motion to reconsider under the Court's Local Civil Rule 7.1(i).

[3] The Court notes a few clarifications of its Opinion as set forth in the Chart above.

Iacono, the motion was untimely.  The Court nonetheless will, pursuant to Rule 12(d), convert the motion to one for summary judgment under Federal Rule of Civil Procedure 56.[4]  As best the Court can understand the allegations against First Service and Iacono, Plaintiff alleges that they hired a locksmith to change her locks without permission, and Iacono, "knowing he was dealing in stolen property arranged for [defendant] American Movers, Inc. to store whatever items from [Plaintiff's] co-op . . . ." [Docket No. 1, at 8].  Moreover, Plaintiff alleges that Defendant Iacono lied to the West New York Police Department that Plaintiff was "legally evicted for not paying rent, but he never provided [West New York Police Department] with a warrant of removal."  Id.  Moreover, she alleges, Defendant Iacono had me "falsely arrested for being in the lobby of my co-op as a Defiant Trespasser."  Id.  Although these allegations appear to contradict the state court judgments authorizing the sale of Plaintiff's apartment, as Defendants contend, such finding would require this Court to look beyond the pleadings.  Accordingly, the Court will await the completion of summary judgment.  The summary judgment papers shall address these allegations pursuant

---

[4] The Court notes that contrary to these Defendants' arguments, the doctrine of res judicata is not applicable because these Defendants were not parties in the prior actions.

to the strict mandates of Rule 56, particularly Rule 56(c).[5]

Accordingly, for the foregoing reasons, Defendants First Service and Iacono's Motion to Dismiss is **CONVERTED** to a Motion for Summary Judgment; Plaintiff's Motion to Strike and Motion for Reconsideration are DENIED.

An Order shall issue.

s/Renee Marie Bumb  
RENÉE MARIE BUMB  
United States District Judge

Dated: February 15, 2018

---

[5] The only remaining Defendant in the case is American Movers, Inc. who has filed no motions to date.