[Dkt. No. 134]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| PATRICIA SMALLS,<br>Plaintiff,<br>v.<br>RIVIERA TOWERS CORP., et al.,<br>Defendants. | Civil No. 16-847(RMB/KMW)<br><br>**OPINION** |

This matter comes before the Court on the Motion for Summary Judgment filed by Defendants First Service Residential and Anthony Iancono[1] [Docket No. 134] (collectively, the "Defendants"). The procedural history of this case is protracted and has been set forth in this Court's prior Opinions. [See, e.g., Docket No. 124].

In their Motion for Summary Judgment, Defendants have set forth documentary evidence that demonstrates that Plaintiff's apartment, 27H located at Riviera Towers, was ordered to be sold by virtue of a default judgment entered against her in the

[1] By Order entered January 26, 2018, [Docket No. 125], the Court converted the Defendants' Motion to Dismiss to a Motion for Summary Judgment, and the Court set forth a briefing schedule. On March 9, 2018, the Court granted Plaintiff additional time to respond to Defendants' Motion, [Docket No. 139]. Plaintiff seeks once again additional time to respond, but for the reasons set forth infra the Court denies her request.

amount of $10,056.15. Defendants' Statement of Material Facts ("DSMF"), [Docket No. 134-1, at ¶ 7]. Plaintiff was subsequently evicted and the apartment was sold. [Id. at ¶ 9]. The sale netted a surplus and the funds were deposited into the New Jersey Superior Court Trust Fund. [Id. at ¶ 10].

By Order dated December 7, 2011, Plaintiff was ordered "ejected and directed to immediately quit and surrender possession" of the apartment to Riviera Towers. [Id. at ¶ 11, Ex. D]. Riviera Towers proceeded to change the locks and arranged for Plaintiff's belongings to be inventoried and stored by co-defendant American Movers, Inc. [Id. at ¶ 12].

## I. Legal Standard

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." Id. at 248.

When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence: all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." Meyer v. Riegel Products

Corp., 720 F.2d 303, 307 n.2 (3d Cir. 1983). However, a mere "scintilla of evidence," without more, will not give rise to a genuine dispute for trial. Anderson, 477 U.S. at 252. In the face of such evidence, summary judgment is still appropriate "where the record . . . could not lead a rational trier of fact to find for the non-moving party . . . ." Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Summary judgment motions thus require judges to 'assess how one-sided evidence is, or what a 'fair-minded' jury could 'reasonably' decide.'" Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460 (3d Cir. 1989) (quoting Anderson, 477 U.S. at 265).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). Then, "when a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" Anderson, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). The non-movant's burden is rigorous: it "must point to

concrete evidence in the record"; mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. Orsatti v. New Jersey State Police, 71 F.3d 480, 484 (3d Cir. 1995).

## II. Analysis

Plaintiff makes three factual allegations against Defendants: (1) Iancono, as an employee of FirstService, "arranged for a locksmith to break, enter and change" the lock on Plaintiff's condo; (2) Iancono, "knowing he was dealing in stolen property," arranged for American Movers, Inc. to store items from Plaintiff's condo; and (3) Iancono lied to the West New York Police. Plaintiff avers that Defendants' alleged actions violate the Fourth, Fifth, Seventh, and Fourteenth Amendments of the Constitution, and 18 U.S.C. §§ 241 and 242.

All claims against Defendants fail. As Defendants correctly state, they are not state actors, and thus, Plaintiff's litany of claims of constitutional violations fail as a matter of law. See Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)(noting that Section 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful")(quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948)); see also McCabe v. Mut. Aid Ambulance Serv., Inc., 2015 U.S. Dist. LEXIS 103766, at *15, 2015 WL 4715260 (W.D. Pa. Aug. 7, 2015)("It is well recognized, that the Constitution protects citizens from

infringement of their rights by the government, not by private parties.") (citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978)).[2]

Moreover, to the extent Plaintiff alleges violations of 18 U.S.C. §§ 241 and 242, these are criminal statutes, and they do not authorize private rights of action. See, e.g., Jung v. Bank of Am., N.A., No. 3:16-CV-00704, 2016 WL 5929273, at *3 (M.D. Pa. Aug. 2, 2016)(collecting cases discussing lack of private right of action under criminal statutes). Finally, Plaintiff's claims of conspiracy fail as there are no material facts in dispute to support such a claim.

Plaintiff's request for an extension of time to respond to Defendants' Motion will likewise be denied because Plaintiff fails to set forth how the discovery she seeks will materially affect the Summary Judgment Motion. "[I]t is well established that a court 'is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery.'" Doe v. Abington Friends Sch., 480 F.3d 252, 257 (3d Cir. 2007) (quoting

[2] The Court notes that there are limited circumstances under which a private party may be held to be a state actor. See Vazquez v. City of Atl. City, No. 12-CV-01752 RMB/AMD, 2014 WL 2920820, at *4 (D.N.J. June 27, 2014). These exceptions to the general rule, however, require a "close nexus" between the State and the challenged action, which is absent here. See Brentwood Academy v. Tennessee Secondary School Athl. Ass'n, 531 U.S. 288, 296 (2001).

Dowling v. City of Phila., 855 F.2d 136, 139 (3d Cir. 1988)). Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

"If discovery is incomplete, a district court is rarely justified in granting summary judgment, unless the discovery request pertains to facts that are not material to the moving party's entitlement to judgment as a matter of law," or the Rule 56(d) declaration is inadequate. Shelton v. Bledsoe, 775 F.3d 554, 568 (3d Cir. 2015)(citing Doe, 480 F.3d at 257)(emphasis added); see also Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3d Cir. 1986).[3] Defendant seeks an extension so that she may receive responses to her "First Set of Interrogatories, Productions, and Admissions." [See Docket No. 143]. There are multiple issues with Plaintiff's request. First, Plaintiff indicates that she is waiting for a response from Riviera Towers Corporation and

[3] "An adequate affidavit or declaration specifies 'what particular information . . . is sought; how, if disclosed, it would preclude summary judgment; and why it has not been previously obtained.'" Shelton, 775 F.3d 554 at 568 (quoting Dowling v. City of Phila., 855 F.2d 136, 139 (3d Cir. 1988) (citing Hancock Indus. v. Schaeffer, 811 F.2d 225, 229–30 (3d Cir.1987))).

Kenneth Blane, who are no longer parties to this case. Second, Plaintiff does not identify what information she seeks from Defendants or how it would preclude summary judgment. As discussed above, Defendants are entitled to judgment as a matter of law because (1) they are not state actors, and (2) Plaintiff may not bring causes of action against them pursuant to criminal statutes. Plaintiff does not indicate that Defendants’ responses to her discovery requests would change either of these realities. Accordingly, Plaintiff’s extension request will be denied.

Finally, because it appears that Plaintiff has alleged the same causes of action against Defendant American Movers, Inc., and that the only potentially viable claim against American Movers would be one for conversion, a purely state law claim, the Court intends to enter an order to show cause why it should not dismiss the federal claims against American Movers and decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3).

## III. Conclusion

For the foregoing reasons, Defendants’ Motion for Summary Judgment will be GRANTED, Plaintiff’s claims against FirstService and Iancono will be dismissed, and judgment will be entered in favor of FirstService and Iancono. Moreover, the Court will require Plaintiff to show cause why her federal

claims against American Movers should not be dismissed and why the Court should not decline to exercise supplemental jurisdiction over any state law claims.

s/_Renee Marie Bumb
RENÉE MARIE BUMB
United States District Judge

DATED: April 13, 2018