```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF NEW JERSEY
          CAMDEN VICINAGE
```

| | |
|---|---|
| PATRICIA SMALLS,<br><br>              Plaintiff,<br><br>    v.<br><br>RIVIERA TOWERS CORP., et al.,<br><br>              Defendants. | Civil No. 16-847(RMB/KMW)<br><br>**OPINION** |

This matter comes before the Court on its own motion. On April 13, 2018, this Court issued an Order that, amongst other things, required Plaintiff to show cause why her claims against Defendant American Movers, Inc. ("American Movers") should not be dismissed for failure to state a claim. [Dkt. No. 153]. The Court, in its Order, warned Plaintiff that if she failed to respond by May 3, 2018, her claims against American Movers would be dismissed, with prejudice.[1]

Plaintiff has not responded to the Court's April 13, 2018 Order.[2] Accordingly, for the reasons stated in the Court's April

---

[1] The procedural history of this case is protracted and has been set forth in this Court's prior Opinions. [See, e.g., Docket No. 124]. Likewise, this case's factual background is set forth in several of the Court's previous Opinions. The Court will not repeat that background here.

[2] The Court's September 21, 2017 Order granting motions to dismiss filed by all Defendants in this matter, with the exception of Defendants FirstService Residential, Anthony

Iancono, and American Movers, Inc., provided, among other things, that if Plaintiff wished to file an amended Complaint, she was required to seek leave to do so within twenty days of that Order, and that failure to do so would result in dismissal of her claims with prejudice. [See Dkt. No. 90]. Plaintiff did not timely seek leave to amend, and on October 23, 2017, the Court issued an Order dismissing the Moving Defendants with prejudice. [Dkt. No. 95]. Plaintiff filed a motion for reconsideration of the Court's Order, which the Court denied on January 26, 2018. [Dkt. No. 125].

On April 6, 2018, Plaintiff filed an Amended Complaint. [Dkt. No. 150]. In the Amended Complaint, Plaintiff repeats the factual allegations from the Complaint, but adds several new defendants. These new defendants are state and federal judges, the District of New Jersey, New Jersey state and municipal courts, attorneys, and Riviera Towers Corporation ("RTC") board members. Plaintiff alleges the same claims against these new defendants as those previously dismissed with prejudice by the Court. Fed. R. Civ. P. 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Plaintiff does not fall within the bounds of Rule 15(a)(1), and as such was not permitted to amend without consent from her opponents or leave of Court. Fed. R. Civ. P. 15(a)(2). She had neither. While leave to amend should be "freely" given, Fed. R. Civ. P. 15(a)(2), "[a]mong the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)(citations omitted). Amendment "would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)) (additional citations omitted). As stated above, Plaintiff's Amended Complaint merely realleges the same causes of action that have been dismissed by this Court. Her amendment does not cure any of the deficiencies identified by the Court in its prior Opinions. Plaintiff's Complaint and Amended Complaint establish that Plaintiff cannot state a federal claim against Defendants, and as set forth below the Court will decline to exercise supplemental jurisdiction over any state law claims. Accordingly, the Court finds that granting Plaintiff leave to

2

13, 2018 Opinion, [Dkt. No. 152], and repeated below, Plaintiffs claims against American Movers will be dismissed, with prejudice, and this matter will be terminated. In addition, the Court will enter an Order requiring Plaintiff to, amongst other things, seek leave of this Court before filing any further pro se lawsuits related to the loss of her apartment and personal belongings at Riviera Towers.

## I. Legal Standard

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 663. "[A]n unadorned, the defendant-unlawfully-harmed me accusation" does not suffice to survive a motion to dismiss. Id. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550

---

amend would be futile, and Plaintiff's Amended Complaint will be stricken.

U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In reviewing a plaintiff's allegations, a district should conduct a three-part analysis:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Third, when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (internal citations, quotations, and modifications omitted) (quoting Iqbal, 556 U.S. at 675, 679).

Rule 12(b)(6) requires the district court to "accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian, 696 F.3d 352, 358 n. 1 (3d Cir. 2012). Only the allegations in the complaint and "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case" are taken into consideration. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994) (citing Chester Cty. Intermediate Unit. v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)). A court may also "consider an undisputedly authentic document that

a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

A district court may sua sponte dismiss a complaint under Rule 12(b)(6) after service of process, but must generally afford the plaintiff notice and an opportunity to respond before doing so. See Bethea v. Nation of Islam, 248 F. App'x 331, 333 (3d Cir. 2007)(citing Oatess v. Sobolevitch, 914 F.2d 428, 430 n. 5 (3d Cir. 1990)). "However, although disfavored, a sua sponte dismissal may stand even if the plaintiff is not provided notice and an opportunity to respond where it is clear that the plaintiff cannot prevail and that any amendment would be futile." Bethea, 248 F. App'x at 333 (citing Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002))(additional citation omitted). Moreover, where civil rights claims are concerned, courts must afford plaintiffs an opportunity to amend before dismissing with prejudice unless doing so would be inequitable or futile. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

## II. Analysis

Plaintiff alleges that in connection with the foreclosure of her home American Movers: (1) unlawfully entered her home without a warrant; (2) "criminally removed property"; and (3)

5

are currently in possession of "stolen goods" taken from Plaintiff's condominium unit. Plaintiff avers that American Movers' alleged actions violate the Fourth and Fourteenth Amendments of the Constitution, and 18 U.S.C. §§ 241 and 242.

Each of Plaintiff's claims against American Movers fails.[3] First, American Movers is not a state actor, and thus, Plaintiff's constitutional claims fail as a matter of law. See Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)(noting that Section 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful")(quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948)); see also McCabe v. Mut. Aid Ambulance Serv., Inc., 2015 U.S. Dist. LEXIS 103766, at *15, 2015 WL 4715260 (W.D. Pa. Aug. 7, 2015)("It is well recognized, that the Constitution protects citizens from infringement of their rights by the government, not by private parties.") (citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978)).[4]

---

[3] The Court notes that, as stated above, it provided Plaintiff with notice of its intention to dismiss Plaintiff's claims against American Movers, [Dkt. No. 153], and provided Plaintiff an opportunity to show cause why the Court should not do so. The Court will not provide Plaintiff with an opportunity to amend because, as set forth above, Plaintiff's Amended Complaint and course of conduct has demonstrated that any attempt to do so would be futile.

[4] The Court notes that there are limited circumstances under which a private party may be held to be a state actor. See Vazquez v. City of Atl. City, No. 12-CV-01752 RMB/AMD, 2014 WL 2920820, at *4 (D.N.J. June 27, 2014). These exceptions to the

6

Moreover, to the extent Plaintiff alleges violations of 18 U.S.C. §§ 241 and 242, these are criminal statutes, and they do not authorize private rights of action. See, e.g., Jung v. Bank of Am., N.A., No. 3:16-CV-00704, 2016 WL 5929273, at *3 (M.D. Pa. Aug. 2, 2016)(collecting cases discussing lack of private right of action under criminal statutes).

In its April 13, 2018 Opinion and Order, [Dkt. Nos. 152, 153], the Court noted that "the only potentially viable claim against American Movers would be one for conversion, a purely state law claim," and ordered that Plaintiff show cause why, if the Court found that the only viable cause of action remaining against American Movers is a state law conversion claim, the Court should not decline to exercise supplemental jurisdiction over that claim pursuant to 28 U.S.C. § 1367(c)(3). Plaintiff did not respond to the Court's Order. As provided above, Plaintiff has failed to state any claims against American Movers that arise under federal law. Moreover, Plaintiff's claims against all other Defendants in this matter have been dismissed, with prejudice. To the extent that Plaintiff has pleaded facts

---

general rule, however, require a "close nexus" between the State and the challenged action, which is absent here. See Brentwood Academy v. Tennessee Secondary School Athl. Ass'n, 531 U.S. 288, 296 (2001).

that could give rise to a state cause of action, this Court will decline to exercise supplemental jurisdiction over such claims.

Finally, in the Court's September 21, 2017 Opinion, [Dkt. No. 89], it noted that Plaintiff "has attempted to litigate her grievances arising from her eviction in at least four federal lawsuits, as well as other various filings in state court and elsewhere," and provided details about Plaintiff's voluminous filings in this and other courts concerning the same issues. Because Plaintiff's conduct had caused—and continues to cause—the expenditure of "countless resources, judicial and otherwise," the Court ordered Plaintiff to show cause within twenty days why her pattern of conduct "does not justify a tailored pre-filing injunction" that provides as follows:

- Without prior leave of this Court, Plaintiff Patricia Smalls should be prohibited, when proceeding pro se, from filing any lawsuits against any of the Defendants or others not yet named relating to the loss of her apartment or personal belongings at Riviera Towers;

- Leave of Court will be freely granted upon Plaintiff showing through a properly filed petition that a specific proposed filing (i) can survive a challenge under Rule 12 of the Federal Rules of Civil Procedure and (ii) is not barred by principles of claim or issue preclusion;

- Plaintiff must attach a copy of the pre-filing injunction to any subsequent pro se lawsuit that relates to the loss of her apartment or personal belongings at Riviera Towers; and

- The injunction shall not apply to the filing of timely notices of appeal of any decision rendered by this Court in this action.

[See Dkt. Nos. 89 at 16-17, 90]. Plaintiff untimely filed a response to the Court's Order on October 31, 2017, merely restating the allegations from her Complaint. [Dkt. No. 97]. Moreover, since the date of the Court's Order, Plaintiff has filed at least eleven letters addressed to various entities making allegations of wrongdoing against the Defendants, the Court, and others. In addition to these letters, the Court has received ex parte communications from an individual named James H. Graves III, seemingly at Plaintiff's urging, [see Dkt. No. 123], and two defendants in this matter received a strange letter, purportedly from someone at the Department of Justice, requesting that they comply with non-existent subpoenas. [Dkt. No. 140].[5]

> A pre-filing injunction is an exception to the general rule of free access to the courts and its use against a pro se plaintiff must be approached with caution. See In re Oliver, 682 F.2d 443, 445 (3d Cir. 1982). However, a District Court may enjoin a pro se litigant from future filings so long as the injunction complies with three requirements: (1) the litigant must be continually abusing the judicial process; (2) the litigant must be given notice of the potential injunction and an opportunity to oppose the court's order; and (3) the injunction must be narrowly tailored to fit the specific circumstances of the

---

[5] This letter was not on Department of Justice letterhead, and was simply signed "MC, DOJ." Moreover, the letter was replete with grammatical errors and made little sense.

> case. Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir.
> 1993).

Grossberger v. Ruane, 535 F. App'x 84, 86 (3d Cir. 2013).

Here, between this Court and other state and federal courts, Plaintiff has exhibited a pattern of relentlessly and vexatiously filing meritless complaints, motions, and letters. [See Dkt. No. 98 at 16-17; see also, e.g., Dkt. No. 161]. The Court provided Plaintiff with notice of its intention to enter a narrowly tailored injunction against her in its September 21, 2017 Opinion and Order, and provided Plaintiff an opportunity to show cause why such an injunction should not be entered. Plaintiff's response to the Court's Order was representative of the type of nonresponsive and inflammatory filings Plaintiff has continuously submitted in this case. Accordingly, the Court will enter the narrowly tailored injunction outlined above.

### III. Conclusion

For the foregoing reasons, Plaintiff's claims against American Movers will be dismissed, the Court will decline to exercise supplemental jurisdiction over any potential state law claims against American Movers, and judgment will be entered in favor of American Movers. Moreover, the Court will issue a limited pre-filing injunction preventing Plaintiff from filing additional pro se suits concerning the loss of her unit or

property at Riviera Towers without leave of this Court, which shall be freely given if Plaintiff meets certain requirements.

s/ Renee Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

DATED: July 19, 2018